VAN DRESAR (GIBSON v.). See Case No. 5,402.

VAN DYCK (MORGAN v.). See Case No. 9,810.

VANDYKE (JOHNSTON v.). See Case No. 7,426.

## Case No. 16,849.
VAN DYKE et al. v. TINKER.
[11 N. B. R. 308.][1]

District Court, E. D. Michigan. 1874.[2]

BANKRUPTCY—FRAUDULENT PREFERENCE—ACTION BY TRUSTEES—PLEADING—WAIVER—AMENDMENT TO BANKRUPT LAW—NEW TRIAL.

1. In an action by trustees of a bankrupt's estate under section 43 of the bankrupt act [of 1867 (14 Stat. 538)] against a sole defendant for money had and received, with a bill of particulars showing that the money sought to be recovered was money paid by the bankrupt to the defendant as a creditor, in fraud of the act, but disclosing no joint liability of the defendant with others; and the defendant pleaded the general issue, it is too late for the defendant to insist upon the trial that he was such creditor and received the money as a member of a partnership. He could take advantage of such a non-joinder only by plea in abatement.

2. In case of an action brought by trustees of a bankrupt's estate under section 39 of the act, to recover money paid by the bankrupt to a creditor by way of preference, and the bankruptcy proceedings were compulsory or involuntary under said section, and were commenced, and the cause of action arose before December 1, 1873, the amendment of June 22,

[1] [Reprinted by permission.]
[2] [Affirmed in Case No. 14,058.]

1874 (section 12) [18 Stat. 180], requiring proof that the creditor knew that the payment was made to him in fraud of the act instead of that he must have had reasonable cause to believe, as provided in the original act, has no application.

[Cited in Crump v. Chapman, Case No. 3,455; Warren v. Garber, Id. 17,196; Tinker v. Van Dyke, Id. 14,058; Bradbury v. Galloway, Id. 1,764.]

3. When a cause is tried for the defendant by competent counsel, in the absence of counsel originally employed and who had prepared the case for trial on the part of defendant, and also of counsel who had been employed to assist him in the trial, and, first, no postponement of the trial was asked on that account; and, second, it does not appear that the result would have been different if such counsel had been present; and, third, the new testimony proposed is simply cumulative, there is no right to a new trial on the ground of surprise.

On motion by defendant [L. W. Tinker] for a new trial. Plaintiffs [Van Dyke and Brownson] are trustees of the estate of James Neilson, a bankrupt, under section 43 of the bankrupt act. The action was in assumpsit for money had and received, with a bill of particulars specifying the plaintiffs' demand to be for money paid by Neilson to Tinker, a creditor, by way of preference and in fraud of the bankrupt act. The defendant pleaded the general issue, and the case was tried by a jury. The proceedings in bankruptcy were commenced by creditors' petition under section 39 of the act; and they were so commenced; and the particular transactions out of which this action arose were had before the amendments of June 22d, 1874, and before December 1st, 1873. On the trial the defendant offered to prove that the transactions in question were had with him as a member, and on behalf of a copartnership composed of himself and two others, and not in his individual capacity. This proof was excluded as incompetent under the general issue. In the charge to the jury the court, among other things, instructed them that if they found from the evidence that the defendant had reasonable cause to believe that a fraud on the bankrupt act was intended in the payment made to him, it was sufficient in that regard to entitle the plaintiffs to a verdict; and that the amendments of June 22d, 1874, requiring proof of knowledge in lieu of reasonable cause to believe in such cases, had no application to this case. The verdict was for the plaintiffs for the full amount claimed, [case unreported,] and the defendant then moved for a new trial. The grounds of the motion are stated in the opinion of the court.

Alfred Russell and A. B. Maynard, for the motion.

Don. M. Dickinson and Mr. Van Dyke, opposed.

LONGYEAR, District Judge. First. The first ground of motion was "because the court erroneously excluded the evidence offered by defendant to show that Robert H. Edwards

and William H. Edwards and himself constituted the firm of L. W. Tinker & Co., from whom said bankrupt bought said goods." The bill of particulars sufficiently apprised the defendant of the particular grounds of plaintiff's demand, but did not disclose any joint liability; and, if the defendant desired to take advantage of the non-joinder of his copartners, he should have done so by plea in abatement. It was clearly too late on the trial upon the merits. Ballou v. Hill, 25 Mich. 205; Gould, Pl. p. 258, § 114.

Second. The second ground of motion was "because the court erroneously instructed the jury that if the defendant had reasonable cause to believe that a fraud on the act was intended, that the plaintiffs should have a verdict." Sections 35 and 39 of the original act were substantially alike in their provisions concerning the circumstances under which a recovery could be had in cases of preference. In both the right was based, amongst other things, upon the creditors' receiving the preference having had reasonable cause to believe that a fraud on the act was intended. By sections 11 and 12 of the amendatory act of June 22, 1874 (18 Stat. 180), "reasonable cause to believe" is changed to "knowing" and "knew"; and by section 21 of the latter act it is enacted "that all acts and parts of acts inconsistent with the provisions of this act be and the same are hereby repealed." The question therefore is as to the effect of the amendments and repeal upon previously accrued rights, the repeal not being accompanied by any saving or reserving clause as to such rights. As a general rule, where, as in this case, a right is created and exists solely by virtue of a legislative enactment, and such enactment is repealed without any saving or reservation as to rights previously accrued, they fall with the repeal, or at least cannot be afterwards enforced. Here, however, the entire enactment was not repealed, and the objection is not that the right was defeated by the repeal, but that the defendant was not given the advantage of the amendment to make room for which the repeal was made. The solution of the question, therefore, depends upon the ascertainment of the time when the repeal and amendments took effect. And here it must be borne in mind that, inasmuch as the repeal was not for the purpose of doing away with the law entirely, but was for the sole purpose of making room for changes in some of its provisions by way of amendment, the repeal can be given no greater scope and extent in regard to the rights and cases to be affected by it, than the amendments themselves. Hamlin v. Pettibone [Case No. 5,-995]. Acts of congress take effect from and including the day of their approval, unless otherwise provided in the act. In the present instance there is no provision as to when the amendment to section 35 in question should take effect; but in regard to the like amendment to section 39 it is expressly provided that "the provisions of this section (section 39 as amended) shall apply to all cases of compulsory or involuntary bankruptcy commenced since the 1st day of December, 1873, as well as to those commenced hereafter." It will be seen, therefore, that the question does not present itself in precisely the same aspect under the two sections. Inasmuch as this case arises out of compulsory or involuntary bankruptcy, the amendment and repeal in question as affecting cases arising under section 39 need alone be considered. The student who is curious to pursue the inquiry beyond that will find the whole matter ably discussed on the one side in Hamlin v. Pettibone [supra], and Brooke v. McCraken [Id. 1,932]; and on the other side by a correspondent of the Central Law Journal (U. S. v. Missouri, K. & T. R. Co. [Id. 15,786]); In re Rogers [Id. 12,003].

As we have already seen, the amendment of section 39 in question was made to apply to all cases commenced since December 1st, 1873. This excludes all cases commenced before that date from the operation of the amendment as effectually as if it had been so expressly enacted. The effect of the repeal, as we have also seen, cannot be extended beyond that of the amendment. Cases commenced before December 1st, 1873, are therefore not within the effect of the repeal. The case under consideration belonged to the latter class, and the charge given was therefore correct. This view of the question is fully sustained by the court in Hamlin v. Pettibone, supra.

Third. The surprise complained of is substantially this: The counsel who had been retained by defendant, and who had prepared the case for trial on his part, was obliged to be and was absent when the trial came on. He had, however, spoken to another counselor to assist him on the trial, but who also was absent. The defendant thereupon procured the services of the counselor who tried the case for him. These circumstances were not called to the attention of the court at the time, nor any postponement asked on their account. Neither is there any complaint that the counsel who tried the case was not entirely competent. What is complained of is simply this, that certain testimony on the part of plaintiffs, tending to show that the defendant had reasonable cause to believe the debtor insolvent at the time of the transactions in question, was a surprise to defendant and his counsel; and that, although defendant was examined as a witness, and gave testimony tending to contradict the same, yet another witness, one of defendant's partners, who was also sworn and examined as a witness for the defendant, was not examined on that point, but who, if he had been, would have corroborated defendant's testimony. The foregoing facts are shown by affidavits. It does not appear, however, that the counsel originally employed, nor the one who was to assist him, had

any better knowledge of the case in that regard than the counsel who tried the cause. In point of fact, the contrary appears by the affidavits.

Inasmuch, therefore, as, first, no postponement was asked on account of the absence of counsel; second, it does not appear that the result would have probably been different if the counsel originally employed or his assistant counsel had been present and taken part in the trial; and, third, the new testimony proposed is simply cumulative, there is no ground for a new trial on the ground of surprise.

There is no doubt hardship to the defendant in this case, as was urged at the hearing of the motion. The same may be said, however, of every case of this kind. In all such cases the creditor simply receives that which is his honest due as between him and his insolvent debtor. But the law, having a regard for equal justice to all, has provided that when a creditor, thus receiving his pay, thereby obtains a preference over others, and under certain specified circumstances, such creditor shall return what he has so received into the common fund, and take his pro rata with the rest. In this case the jury has found that those circumstances existed, and of course the legal effect followed. Insolvency and failure of debtors always results in hardship to creditors; and the hardship to the creditor who, by his vigilance, has obtained a preference over others, in compelling him to return what he has received into the common fund and share it with the rest, is, after all, nothing more than compelling him to share a common hardship with others in like situation with himself.

*Motion for new trial denied.*

[The judgment was affirmed by circuit court on writ of error. Case No. 14,058.]